IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALICIA NICOLE CRAINE,<br>Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:11-CV-504-Y |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. Parties

Petitioner Alicia Nicole Craine, Reg. No. 29535-280, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. Procedural History

In 2009 petitioner pleaded guilty to possession with the intent to distribute at least 5 grams of crack cocaine within 1000 feet of a playground and aiding and abetting, in violation of 21 U.S.C.

abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 860, and 18 U.S.C. § 2, and was sentenced to a 132-month term of imprisonment in the United States District Court for the Western District of Texas, Waco Division. (Resp't App. at 1, 4, 9-14) Petitioner did not appeal her conviction or sentence, but she sought postconviction relief in the convicting court *via* a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) and a motion to vacate, set aside or correct her sentence under § 2255, to no avail. (*Id.* at 5-6, 15-20) Petitioner filed this federal petition under § 2241 in this division, where she is currently incarcerated. The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 3-5)

D. DISCUSSION

Petitioner challenges the convicting court's calculation of her criminal history points and total offense level, and she seeks a recalculation of her sentence minus two points for an alleged error in the PSR and two points for a firearm enhancement. (Pet.[1])

Typically, 28 U.S.C. § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, § 2255 is the primary means under which a federal prisoner may collaterally attack a federal sentence and is the appropriate remedy for errors that occurred at or prior to sentencing. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal sentence may be entertained under the savings clause of § 2255 only if the petitioner establishes that the § 2255 remedy is inadequate or ineffective to test the legality of his or her detention. *Tolliver,* 211 F.3d at 878. The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must

---

[1]The petition is not paginated.

show that (1) her claims are based on a retroactively applicable Supreme Court decision, (2) her claims were foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that she may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner has made no effort whatsoever to demonstrate the inadequacy of the § 2255 remedy. Furthermore, having had adequate and effective opportunities to assert the instant claims earlier, and having failed to do so, petitioner may not proceed to do so under this court's § 2241 jurisdiction. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Toliver*, 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective)).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 6, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 6, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December __16__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4